UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JESSICA VANDIVER, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>LITTLE CAESAR ENTERPRISES, INC.,<br><br>Defendant. | Case No.<br><br><br>Jury Trial Demanded |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Little Caesar Enterprises, Inc. ("LCE" or "Defendant") hereby removes the civil action pending in the Circuit Court of the Seventeenth Judicial District for Winnebago County, Illinois, Case No. 2023-LA-0000225, to the United States District Court for the Northern District of Illinois. In support of removal, Defendant states as follows:

1. On June 29, 2023, Plaintiff Jessica Vandiver ("Plaintiff" or "Vandiver") commenced an action against LCE by filing in the Circuit Court of Winnebago County, Illinois a complaint styled as *Jessica Vandiver, individually and on behalf of all others similarly situated, v. Little Caesar Enterprises, Inc.,* Case No. 2023-LA-0000225.[1] (A copy of the Complaint ("Compl.") and summons served upon LCE is attached hereto as Exhibit A).

2. Plaintiff alleges that LCE violated the Illinois Biometric Information Privacy Act ("BIPA") because LCE purportedly collected, stored, used, and disseminated the unique biometric

---

[1] Although the case caption indicates that Vandiver brings claims "individually and on behalf of all others similarly situated," the Complaint does not assert any class allegations, allege a putative class, or bring any class claims. To the contrary, Vandiver's allegations are limited to her own experience and purported damages. *See e.g.* Compl. ¶ 21 ("By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric privacy.").

identifiers of Plaintiff without informing her in writing that LCE was collecting her fingerprint and obtaining her consent to do so. The Complaint asserts that "[e]ach instance Plaintiff was required to scan fingerprints for timekeeping purposes, Defendant captured . . . Plaintiff's biometric identifiers or biometric information without valid consent, and without complying with and, thus, in violation of BIPA." (Compl. ¶ 27.) The Complaint seeks relief, including liquidated damages of $1,000 to $5,000 from LCE for "each" alleged negligent and/or reckless violation of BIPA. (*Id.* Count I Prayer ¶¶ C-D.)

3. LCE was served with the Complaint on July 3, 2023. (*See* Exhibit A, Notice of Service of Process).

4. Removal is timely because this notice is filed within 30 days of service. *See* 28 U.S.C. § 1446(b)(1).

5. Removal to this Court is proper because it is "the district court of the United States for the district and division embracing the place where [plaintiff's] action is pending." 28 U.S.C. § 1441(a).

6. Removal is proper under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See Carroll v. Striker Corp.*, 658 F.3d 675, 680-81 (7th Cir. 2011).

7. Plaintiff Vandiver is citizen of the state of Illinois. *See* Compl. ¶ 10 ("At all relevant times, Plaintiff Jessica Vandiver has been a resident and citizen of the state of Illinois.")

8. Although the Complaint does not allege LCE's citizenship, Defendant LCE is a Michigan corporation with its principal place of business in Detroit, Michigan. (*See* Exhibit B, Declaration of Brett Yates ("Yates Decl.") ¶ 3.) Accordingly, LCE is a citizen of Michigan. *See Transp., Inc. v. Westchester Fire Ins. Co.,* 823 F. 3d 416, 420 (7th Cir. 2016) ("A corporation is a

citizen of any state in which it is incorporated, and the state where it has its principal place of business."). Because LCE is not an Illinois citizen, there is complete diversity of citizenship under 28 U.S.C. § 1332(a)(1).

9. The amount-in-controversy also meets the jurisdictional threshold as it exceeds $75.000. A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014). "The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is *in controversy* between the parties." *Sabrina Roppo v. Travelers Commercial Ins. Co.,* 869 F.3d 568, 579 (7th Cir. 2017).

10. While the complaint does not specify a precise damages figure,[2] and while LCE denies any liability whatsoever as to Plaintiff's claims, the amount-in-controversy requirement is satisfied because it is plausible that Plaintiff seeks damages in excess of $75,000. *See Dart Cherokee,* 574 U.S. at 89 ("[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

11. BIPA provides a private right of action to any person aggrieved by a violation of the statute and allows for potential damages of $1,000 for a negligent violation, $5,000 for a reckless violation, or actual damages, whichever is greater. (740 ILCS 14/20.) Plaintiff alleges LCE violated BIPA "[e]ach instance Plaintiff was required to scan fingerprints for timekeeping purposes," which allegedly occurred "each time Plaintiff clocked in and clocked out of a shift at work." (*Id.* ¶¶17, 27.) Plaintiff seeks "statutory damages of $5,000 for each willful and/or reckless violation of BIPA" and "statutory damages of $1,000 for each negligent violation of BIPA[.]" (*Id.* Count I, Prayer ¶¶ C-D.). Plaintiff further alleges LCE's purported violations "were knowing and

---

[2] The summons served upon LCE indicates that Vandiver claims "more than $50,000" in damages. Ex. A, Summons at 2.

willful, or were at least [] reckless[,]" or, in the alternative, negligent. (*Id.* ¶ 31.) In other words, Plaintiff seeks statutory damages of $1,000 or $5,000 for each time she clocked in and out of a shift at work.

12. Because Plaintiff alleges that a violation occurred with each scan and that Plaintiff is entitled to statutory damages for each violation (which LCE denies and will dispute), Plaintiff has potential damages in excess of $75,000. While the Complaint does not specify how many times Plaintiff clocked in or out of work at LCE, the Complaint alleges Plaintiff "was required to provide – and did in fact provide – biometric scans to Defendant each time Plaintiff clocked in and clocked out of a shift of work." (*Id.* ¶ 17.) Though, LCE disputes any such allegation, LCE's records reveal that Plaintiff worked approximately 15 shifts during her employment with LCE. (*See* Exhibit B, Yates Decl. ¶ 4.) Because Plaintiff alleges that she is entitled to $10,000 in damages for each shift of work and records indicate she worked approximately 15 shifts at LCE, the amount-in-controversy exceeds the jurisdictional threshold of $75,000.

13. Moreover, Plaintiff seeks injunctive relief and attorneys' fees, which also factor into evaluating the amount in controversy for jurisdictional purposes. *See Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) (in a suit for injunctive relief, "the amount in controversy is measured by the value of the object of the litigation"); *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation"); *Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (where state statute allowed recovery of attorney's fees, fees incurred as of the date of filing properly included in amount-in-controversy analysis); *see also Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d

955, 957 (7th Cir. 1998) (similar); *cf. Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) (similar).

14. LCE denies that Plaintiff could recover any damages, much less any damages for "willful" violations of BIPA, but for purposes of determining whether diversity jurisdiction exists, the amount in controversy is satisfied.[3]

15. In accordance with 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served on LCE have been attached as Exhibit A.

16. In accordance with 28 U.S.C. §1446(d), LCE will promptly provide written notice to Plaintiffs and will promptly file a copy of this Notice of Removal with the Clerk of the Court for the Circuit Court of the Seventh Judicial District for Sangamon County, Illinois.

\* \* \*

For the foregoing reasons, LCE hereby removes this case from the Circuit Court of the Seventeenth Judicial District for Winnebago County, Illinois to the United States District Court for the Northern District of Illinois and further request that this Court accept this Notice of Removal and assume jurisdiction over this matter for all further proceedings.

Dated: August 2, 2023

Respectfully submitted,

By: */s/ Lazar Raynal*
Lazar Raynal (6199215)
lraynal@kslaw.com
Tatum Ellis (6338934)
tellis@kslaw.com

---

[3] LCE further clarifies that even though Plaintiff is not entitled to any damages for any claim under Section 15(a) of the BIPA, first and foremost because LCE did not violate the statute, Plaintiff nonetheless has Article III Standing to pursue a Section 15(a) claim because Plaintiff alleges LCE unlawfully used, possessed, and retained her biometric information. (Compl. ¶¶ 2-3, 9, 18, 25, 27, 29, 35, 40)*; see Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1154–55 (7th Cir. 2020) ("The BIPA [Section 15(a)] requirement to implement data retention and destruction protocols protects a person's biometric privacy just as concretely as the statute's informed-consent regime. It follows that an unlawful retention of a person's biometric data is as concrete and particularized an injury as an unlawful collection of a person's biometric data.").

KING & SPALDING LLP
110 N. Wacker Dr., Suite 3800
Chicago, IL 60606
Tel: 312.995.6333

*Counsel for Defendant*